8   UNITED STATES DISTRICT COURT

9   EASTERN DISTRICT OF CALIFORNIA

10

| 11 | CHELLYN JONES, | Case No. 1:18-cv-01308-AWI-JDP |
|---|---|---|
| 12 | Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE AND TO COMPLY WITH COURT ORDERS |
| 13 | v. | |
| 14 | DEPARTMENT OF CORRECTIONS REHABILITATION, | |
| 15 | Defendant. | OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

17

18   Plaintiff is a former state prisoner proceeding without counsel in this civil rights action

19  brought under 42 U.S.C. § 1983. On October 4, 2018, the court ordered plaintiff to file a first

20  amended complaint and to file a completed *in forma pauperis* application or pay the $400.00

21  filing fee in full. ECF No. 4. Plaintiff has neither paid the filing fee nor filed anything in

22  response to the court's order. Accordingly, on March 5, 2019, the court issued plaintiff an order

23  to show cause why this case should not be dismissed for failure to comply with a court order and

24  failure to prosecute. ECF No. 7. Plaintiff had thirty days to respond but failed to do so, thereby

25  disobeying the court's order.

26   The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a

27  court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

28

683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss a case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's apparent inability to pay the filing fee, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. Accordingly, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate. The court recommends dismissal without prejudice.

**FINDINGS AND RECOMMENDATIONS**

The court recommends that the case be dismissed for plaintiff's failures to prosecute or comply with court orders. The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: April 12, 2019

_____
UNITED STATES MAGISTRATE JUDGE